# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GIANNI MALTESE, et al., *Plaintiffs*, v. SMITH TRANSPORT, INC., et al., *Defendants.* | CASE NO. 3:19-cv-00060 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

Plaintiff has filed a motion in *limine* seeking to exclude any testimony or evidence that he has an "arachnoid cyst." Dkt. 53. An MRI conducted on Plaintiff after the automobile accident in this case revealed the presence of an arachnoid cyst in his brain. Dkt. 54 at 2. The NIH describes these cysts as follows: "Arachnoid cysts are cerebrospinal fluid-filled sacs that are located between the brain or spinal cord and the arachnoid membrane, one of the three membranes that cover the brain and spinal cord." NIH, National Institute of Neurological Disorders and Stroke, *Arachnoid Cysts Information Page*, http://ninds.nih.gov/Disorders/All-Disorders/Arachnoid-Cysts-Information-Page.

Plaintiff argues that "[n]either Plaintiff's doctors nor Defendants' experts have causally related this arachnoid cyst to any of Plaintiff's issues attributable to this crash." Dkt. 54 at 2. Plaintiff contends that "Defendants have not disclosed an opinion that it is causing Plaintiff any of his current symptoms whatsoever." *Id.* Therefore, Plaintiff argues that any mention of the cyst should be excluded because it is irrelevant, *id.* at 2–3, Dkt. 67 at 2, and, even if it were relevant, any relevance would be substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. Dkt. 54 at 2, 5; Dkt. 67 at 2–4.

1

Defendants oppose the motion. Dkt. 62. Defendants' position is that Plaintiff's "claimed symptoms are not causally related to the mild concussion that he may have suffered as a result of the subject accident and the Defendants should be permitted to explore on cross-examination of the plaintiff's experts' other potential causes of the plaintiff's ongoing symptoms." *Id.* at 2. Those possible other causes, in Defendants' view, "include the presence of the arachnoid cyst …." *Id.* at 3. Separately, Defendants argue that there is evidence in the record that Plaintiff's headaches are caused by multiple factors, including anxiety and stress. They assert that "having a cyst in one's brain can be an anxiety-provoking condition that can also contribute to headaches." *Id.* In any event, while Defendants concede that their expert "does not opine that the arachnoid cyst is a physical cause of the plaintiff's headaches," they contend that that should "not preclude the Defendants from exploring this potentially contributing factor during cross-examination of the plaintiff's experts." *Id.*

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." The Advisory Committee's Note clarifies: "[t]he standard for probability under the rule is '*more … probable than it would be without the evidence*.'" (Emphasis added). In other words, "it is not supposed that every witness can make a home run." *Id.* "Relevancy is a low barrier requiring only that evidence be worth consideration by the jury." *Legacy Data Access, Inc. v. Cadrillion, LLC*, 841 F. App'x 506, 510 (4th Cir. 2021) (quoting *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014)).

The Court concludes that the evidence of Plaintiff's arachnoid cyst is relevant. To be sure, Defendants' expert Dr. William Walker has determined that "[t]he arachnoid cyst that was found is an incidental finding caused by a congenital defect and is of no significance clinically or

in the real-world. The arachnoid has no relation to the minor head injury (scalp contusion) from the [motor vehicle accident] of Feb 07, 2017." Dkt. 54-1 at 16. *See also* Dkt. 62 at 3 ("… the Defendants' expert does not opine that the arachnoid cyst is a physical cause of the plaintiff's headaches …"). But Plaintiff's expert Dr. Wendy Goodwin testified as follows concerning the presence of an arachnoid cyst at that location in Plaintiff's brain:

> Q. … Can his arachnoid cyst at that location that we talked about cause headaches?
>
> A. I – I would – like if it's rapidly growing … I would have a higher suspicion for it. Or if it like ruptured, I would have a high suspicion for it. A static one? I would have a low suspicion for that.
>
> Q. *But could it cause headaches*?
>
> A. Less likely than not. *It could, yes*.
>
> Q. Okay.
>
> A. But less likely than – like definitely under 50 percent reasonable degree of probability in my opinion.

Dkt. 54-2 at 2–3 (emphases added).

> Moreover, Plaintiff's treating physician, Dr. O'Shanick, testified as follows:
>
> Q. *Could an arachnoid cyst in that location cause headaches?*
>
> A. *It could I guess. But – Sure, it could.*
>
> Q. … What did you say about abnormal eye movements; could it cause an issue with abnormal eye movements?
>
> A. I wouldn't believe so. No.

Dkt. 54-3 at 3–4 (emphases added).

In other words, while Defendants' expert found that the arachnoid cyst was of "no significance," Plaintiff's treating physician said that it "could" cause headaches (Dr. O'Shanick), and Plaintiff's expert said that it "could" cause headaches, but "less likely than not," to be their cause (Dr. Goodwin). Defendants need not conclusively prove that the arachnoid cyst *is* the real

3

cause of Plaintiff's headaches in order for it to constitute relevant evidence, which makes it more or less likely that the accident caused Plaintiff's headaches. Defendants should be able to test Plaintiff's experts' conclusions through cross examination about a potential alternative factor such as the cyst causing or exacerbating Plaintiff's headaches. *Cf. Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 265 (4th Cir. 1999) ("The alternative causes suggested by a defendant affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony … unless the expert can offer *no* explanation for why she has concluded an alternative cause offered by the opposing party was not the sole cause.") (cleaned up). The Court concludes that evidence of Plaintiff's arachnoid cyst more than meets the "low barrier" of what constitutes relevant evidence.

Plaintiff's alternative argument that, even if relevant, evidence of his arachnoid cyst should be excluded under Fed. R. Evid. 403 on the basis that such "speculative evidence lacking any evidentiary support is misleading and confusing to the juror and unduly prejudicial to the Plaintiff." Dkt. 54 at 5.

Rule 403 provides: "[t]he court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: *unfair prejudice*, *confusing the issues*, *misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphases added). The Advisory Committee's Note to the Rule further clarifies that "'[u]nfair prejudice' within its context means an *undue tendency* to suggest decision on an *improper basis*, commonly, though not necessarily, an emotional one." (Emphases added). Considering that Plaintiff's treating physician and expert (Dr. O'Shanick and Dr. Goodwin, respectively), both testified that an arachnoid cyst in the area of Plaintiff's brain where it was located could cause headaches (rather than the automobile accident), the Court does

4

not see a risk of "confusing the issues," "misleading the jury," or "*unfair* prejudice," meaning that the evidence would have an "*undue tendency* to suggest a decision on an *improper basis*." Questioning Plaintiff's experts about this possible alternative cause of the headaches does none of that. Even if it did, Plaintiff has not explained much less shown how the risk of one of those "substantially outweighs" the probative value of the evidence. The jury may or may not be persuaded that this potential alternative cause of the headaches undermines the weight that they would otherwise afford Plaintiffs' experts conclusions about the cause of Plaintiff's conditions. But on this record, the Court will not exclude that evidence from the jury's consideration at trial.

For these reasons, Plaintiff's Motion in *Limine* to exclude evidence of the arachnoid cyst is **DENIED**.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

DATED: 9/14/2021