# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GIANNI MALTESE, et al., | CASE NO. 3:19-cv-00060 |
| *Plaintiffs*, | |
| v. | MEMORANDUM OPINION & ORDER |
| SMITH TRANSPORT, INC., et al., | |
| *Defendants*. | JUDGE NORMAN K. MOON |

Defendants have filed a motion in *limine* seeking to preclude Plaintiff's counsel from employing so-called "reptile theory" "strategy and tactics" at trial, as well as any invocation of the "golden rule." Dkts. 84, 85. Defendants say they want to avoid prejudicial and improper questions or argument by Plaintiff's counsel that would "suggest[] that a community standard of care or a general safety standard applies as opposed to the standard of care based in Virginia law," and that would "suggest[] that protecting personal safety or community safety is the responsibility of the jury and should be the jury's goal in rending a verdict." Dkt. 85 at 4. Defendants argue that these questions or arguments of this nature "appeal to the jury's sense of fear for their own safety and of the community" rather than the Court's instructions on the law. *Id.* Defendants further contend that "Virginia courts have consistently held that counsel may not invoke the so-called 'golden rule.'" *Id.* at 5.

Plaintiff has opposed the motion as premature. Dkt. 100. At the outset, Plaintiff's counsel note that they "ha[ve] no intention of arguing to the jury that it should send some message to the community." *Id.* at 2. Moreover, Plaintiff's counsel state that they have "not asked and will not ask jurors to 'place themselves in the shoes' of the Plaintiff or to treat the Plaintiff (with their

verdict) the way they would like to be treated." *Id.* at 7. Plaintiff acknowledges that it is "well established that it is impermissible for attorneys to comment on the 'golden rule,'" and that "[c]ourts have long prohibited" argument "that asks jurors to determine damages as if they themselves had been the victims." *Id.* at 7–8.

The Court has been given no reason to believe that Plaintiff's counsel will employ such argumentation that Defendants seek to preclude, especially considering Plaintiff's opposition. *See* Dkt. 100. Nor will the Court presume that Plaintiff's counsel intend to make arguments or appeals to the jury prohibited under Virginia or Fourth Circuit precedent—indeed, Plaintiff's submission reflects a thorough command of and familiarity with such precedent. Moreover, such precedent makes clear risks of improper argumentation and appeals to the jury that stray from the governing law, including making improper "golden rule" arguments. *See Velocity Express Mid-Atl. v. Hugen*, 585 S.E.2d 557, 564–65 (Va. 2003); *Leathers v. Gen. Motors Corp.*, 546 F.2d 1083, 1086 (4th Cir. 1976). As in other cases addressing similar motions, the Court "agrees that this motion is premature and presents vague challenges to Plaintiffs' style of argument rather than to any evidence that Plaintiffs intend to introduce," *Dorman v. Anne Arundel Med. Ctr.*, No. 15-cv-1102, 2018 WL 2431859, at *6 (D. Md. May 30, 2018).

For these reasons, Defendants' motion in *limine* to preclude "reptile theory" or "golden rule" arguments is **DENIED**, *without prejudice*. Dkt. 84.

It is so **ORDERED**.

Entered this 22nd day of September, 2021.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

2