# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GIANNI MALTESE, et al., | CASE NO. 3:19-cv-00060 |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION & ORDER |
| SMITH TRANSPORT, INC., et al., | |
| Defendants. | JUDGE NORMAN K. MOON |

Plaintiff has filed a motion in *limine* entitled "Plaintiff's Motion in *Limine* to Exclude Evidence or Suggestion by Defendants that Plaintiff is Malingering, Feigning, Faking, or Exaggerating His Symptoms." Dkts. 80, 81. Therein, Plaintiff moves the Court to exclude testimony from Defendants' expert Dr. Echemendia or any other Defense witness "to the effect that Plaintiff is malingering or that his so-called test scores or reported symptoms raise a suspicion of malingering." Dkt. 81 at 4. Plaintiff also seeks to prohibit any witness from introducing testimony that Plaintiff is "not being 'credible' or being 'non-credible' in his account of his symptoms and injuries, or that seeks to describe Plaintiff as 'exaggerating,' 'feigning,' 'over-reporting' or 'magnifying' his symptoms"—all of which are terms, Plaintiff argues, to convey a single "message that Plaintiff is not credible." *Id.* Plaintiff also seeks to preclude Defense counsel from referring to such matters in the opening statement. *Id.*

As Defendants' opposition brief notes, this Court is not writing on a clean slate with respect to these issues. *See* Dkt. 87 at 5–6. Indeed, Plaintiff's counsel recently filed a nearly identical motion and supporting brief seeking to exclude any testimony that the plaintiff was malingering, exaggerating, feigning, magnifying, or overreporting his symptoms, because of

1

secondary gain or any other factor. *See Courts v. Wiggins*, No. 5:16-cv-54 (W.D. Va. July 5, 2017) (Dkt. 49). Indeed, in his opinion granting in part and denying in part the motion, Chief Judge Urbanski considered and addressed nearly all of the same authorities that Plaintiff's counsel have cited in their brief in this case in support of their motion. *See Courts v. Wiggins*, No. 5:16-cv-54, 2018 WL 10609717, at *3–4 & n.2 (W.D. Va. Feb. 1, 2018). Having considered the parties' positions, briefs and argument, the Court finds the reasoning in the *Courts v. Wiggins* opinion persuasive and so too holds here:

    1.    "None of the experts in this case, called to testify for either the plaintiff or defendants, may comment on the credibility of plaintiff," as "Plaintiff's credibility is an issue for the jury to decide." *Id.* at *3. To further reduce risk of intruding upon the province of the jury in this respect, testimony and questioning that would characterize Plaintiff's reports or description of his symptoms as "credible" or "non-credible," or the like, even if the experts would otherwise use that language in their work, shall be avoided.

    2.    "As such, no testimony will be permitted to the effect that plaintiff is faking, feigning, exaggerating, or malingering." *Id.*; *see, e.g.*, Dkt. 81-1 at 41 (report of Dr. Echemendia, stating that Plaintiff's reporting of symptoms "rais[ed] suspicions of malingering"); *id.* at 42 (stating that certain combination of Plaintiff's responses "could also reflect exaggeration"). Indeed, Defendants stated that they "do not intend to have Dr. Broshek, Dr. Echemendia or Dr. Walker testify that the Plaintiff is malingering, faking or feigning his symptoms," and the Court intends to hold counsel to that representation. Dkt. 87 at 6.

    3.    However, "defense experts are permitted to express the opinions set forth in their expert witness reports that are based on psychological tests administered to Plaintiff." *Wiggins*, 2018 WL 10609717, at *3; *see also id.* ("In short, Dr. Morote may testify as to her findings

based on the results of the testing she administered on plaintiff."). In that case, the court ruled that the defense expert "may testify that 'over-reporting of symptoms is evident in the test data' from the psychological tests she administered to plaintiff," *id.* and, indeed, one of the tests at issue was the same employed by Dr. Echemendia.* Significantly, the parties have not raised any specific challenges to any of the various psychological tests administered to Plaintiff. Therefore, as in *Wiggins*, the Court concludes that it shall not improperly intrude upon the province of the jury for Defense experts to be permitted to testify about their findings and conclusions—which are based upon recognized psychological or verification tests administered to Plaintiff—that reflect over-reporting of symptoms or deficits in engagement in any testing.

To the extent any party's questioning or testimony at trial begins to fall afoul of these rulings or otherwise improperly comments upon Plaintiff's or another witness's credibility, the Court will address any contemporaneous objections at that time.

For these reasons, and to the extent set forth above, Plaintiff's motion in *limine* on this topic will be **GRANTED in part and DENIED in part**. Dkt. 80.

It is so **ORDERED**.

Entered this  25th  day of September, 2021.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

* Minnesota Multiphasic Personality Inventory ("MMPI-2-RF"). *See Wiggins*, 2018 WL 10609717, at *3 n.1; *see also* Dkt. 81-1 at 41–42.