# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GIANNI MALTESE, et al., | CASE NO. 3:19-cv-00060 |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION & ORDER |
| SMITH TRANSPORT, INC., et al., | |
| Defendants. | JUDGE NORMAN K. MOON |

Plaintiff has filed a motion in *limine* seeking to preclude Defendants from having certain designated literature read into evidence during their direct examination of Dr. Echemendia. *See* Dkts. 78, 79.

On August 27, 2021—thirty days before trial—Defendants served Plaintiff with "Defendants' Designation of Literature to be Introduced During the Direct Examination of Defendants' Expert." Dkt. 79-1.[1] However, Dr. Echemendia's Rule 26 report was produced to Plaintiff nearly a year prior (August 31, 2020), and there is no dispute that Dr. Echemendia "did not reveal in his Rule 26 report that he relies on the literature in question." Dkt. 79 at 1; *see also* Dkt. 91 at 2–3. Rather, Defendants argue that neither the applicable Federal Rules of Evidence or the Federal Rules of Civil Procedure required the disclosure of such literature to opposing counsel prior to trial. *Id.* at 2–3.

---

[1] The statements sought to be introduced were excerpts from three publications concerning subjects of "neuropsychological assessment of effort, response bias and malingering," "symptom validity assessment," and "detection of false PTSD." *See* Dkt. 79-1.

1

Rule 803(18) of the Federal Rules of Evidence provides for an exception to the rule against hearsay for "statements in learned treatises, periodicals, or pamphlets." The rule provides that "[a]statement contained in a treatise, periodical or pamphlet" is not excluded by the rule against hearsay, if:

> (A) The statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and
>
> (B) The publication is established as reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.

Fed. R. Evid. 803(18). The Rule further provides that "[i]f admitted, the statement may be read into evidence but not received as an exhibit." *Id.*

The parties agree that Fed. R. Evid. 803(18) does not itself require disclosure of such literature to opposing counsel prior to trial. Dkt. 79 at 4; Dkt. 91 at 2; *see also United States v. Idaho Cty. Light & Power Coop. Ass'n, Inc.*, No. 3:17-cv-391, 2020 WL 1105091, at *6 (D. Idaho Mar. 6, 2020) ("There is no requirement in the rule that learned treatises used pursuant to Fed. R. Evid. 803(18) be disclosed to the opposing party prior to trial."). However, under Fed. R. Civ. P. 26, an expert must disclose "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," as well as "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). In other words, "Rule 26 requires an expert's report to disclose the materials he is using in support of his opinions." *Smith v. Pfizer, Inc.*, No. 3:05-cv-444, 2010 WL 1963379, at *9 (M.D. Tenn. May 14, 2010) (holding that while an expert doctor might testify on "common background principles of his field," the court precluded him from "commenting on specific exhibits and [academic] articles that were not previously disclosed in his reports").

The relevant precedent cited by the parties on this subject has concluded that "counsel will not be permitted to independently introduce a statement from a learned treatise, and question the expert regarding the same, during direct examination for the purpose of supporting the expert's opinion, unless that authority was specifically listed by the expert in his or her written report or during a deposition." *Idaho Cty. Light & Power Coop.*, 2020 WL 1105091, at *6; *see also Niles v. Owensboro Med. Health Sys, Inc.*, No. 4:09-cv-61, 2011 WL 3205369, at *1 (W.D. Ky. July 27, 2011) ("Defendants are prohibited from questioning their expert witnesses on direct examination regarding medical books, articles, treatises, journals, periodicals, and pamphlets that the experts never previously referred to or disclosed in their expert report or deposition testimony."); *Smith v. Pfizer, Inc.*, 2010 WL 1963379, at *9 (holding that, "[i]f [the expert] has never previously referred to an exhibit or document, he is now barred from testifying regarding that item," and that "[p]arties cannot simply have their experts discuss anything that has been designated as a trial exhibit"); *cf. Cooper v. Guider*, No. 19-cv-159, 2020 WL 6684697, at *2 (W.D. Wis. Nov. 12, 2020) (striking from summary judgment motion evidence from medical publications, when there was no indication in the relevant expert disclosure that the expert relied upon such publications in making the relevant treatment decisions). Defense counsel has not cited any contrary precedent.  Thus, the Court holds that Defense counsel is prohibited from, on direct examination, having Dr. Echemendia either read into the record or asking him about, the designated literature at issue, Dkt.79-1, because such information had not been disclosed in Dr. Echemendia's expert report or deposition testimony.

The Court disagrees with Defendants' assertion that their omission was harmless and unprejudicial under Fed. R. Civ. P. 37(c)(1). *See* Dkt. 91 at 3–4. While Defendants argue there was ample notice, it is far from ample notice when material should have been included in an

expert report from August 2020 that was only made known to Plaintiff a year later in August 2021. Defendants' citation to Virginia state court rules does not support their argument that notice was sufficient in federal court. Dkt. 91 at 3–4. Their argument that there was no surprise because the literature is "publicly available and is widely known and accepted in the field of neuropsychology," *id.* at 3, is also unpersuasive. Litigants should be able to rely on an expert's report and deposition testimony for the basis for their opinions, and not the cumulative breadth of publicly available literature in the expert's field. Nor can this Court ignore the potential weight a jury may place upon excerpted literature read into evidence by a party's expert witness, which, again, further counsels in favor of requiring proper advance notice and disclosure of any such literature in the expert's report itself.

Because the Court has concluded that Defense counsel may not have Dr. Echemendia read into the record or ask Dr. Echemendia about the designated literature at issue in Dkt.79-1 on direct examination, on the basis that such information was not disclosed in Dr. Echemendia's expert report or deposition testimony, the Court need not address Plaintiff's alternative argument that such literature is irrelevant, unfairly prejudicial, or misleading. *See* Dkt. 79 at 5–6.

For these reasons, and to the extent set forth above, Plaintiff's motion in *limine* on this topic will be **GRANTED**. Dkt. 78.

It is so **ORDERED**.

Entered this 25th day of September, 2021.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

/s/ Norman K. Moon
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

4